IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Gene Edward Harrell, Jr., as the Personal Representative of the Estate of Gene Edward Harrell, | ) ) ) ) |
| Plaintiff, | ) C.A. No. 7:07-813-HMH ) ) **OPINION & ORDER** |
| vs. | ) ) |
| Duke University Health System, Inc., | ) ) |
| Defendant. | ) |

This matter is before the court on Duke University Health System, Inc.'s ("DUHS") motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Middle District of North Carolina. After review, the court grants the Plaintiff's request for additional time to conduct discovery on the issue.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Gene Harrell ("Harrell") was diagnosed with T-cell anaplastic large cell lymphoma in 1996. (Pl.'s Mem. Opp'n Mot. Dismiss 2.) In June 1996, he underwent surgery to remove thirty-two lymph nodes, and followed surgery with chemotherapy. (Id.) Harrell was asymptomatic until September of 2004, when he began experiencing enlarged nodes, night sweats, and weight loss. (Id.) A CT scan and biopsy in December 2004 revealed that the cancer had returned. (Id. 2-3.)

Harrell completed three cycles of chemotherapy and planned to undergo a stem cell transplant at DUHS. (Id. 3.) However, prior to the stem cell transplant, Harrell was found to be anemic. (Pl.'s Mem. Opp'n Mot. Dismiss 3.) Consequently, he received a blood

1

transfusion at DUHS on March 27, 2007.  (Compl. ¶ 7.)  Harrell had a blood-type of O positive but was given a transfusion of blood-type A positive blood.  (Id.)  As a result of receiving A positive blood, Harrell allegedly suffered an adverse reaction which required hospitalization and treatment at DUHS.  (Pl.'s Mem. Opp'n Mot. Dismiss 3.)  His adverse reaction delayed his stem cell transplant by several weeks.  (Id.)

On January 21, 2006, Harrell died in South Carolina.  (Id.)  Before his death, he was allegedly "hospitalized several times in South Carolina for infections and other complications associated with the failure to receive his stem cell transplant in a timely manner."  (Id.)  The Plaintiff, Harrell's son Gene Edward Harrell, Jr., alleges that by giving Harrell type A blood, DUHS breached its standard of care and proximately caused Harrell's damages, including pain and suffering, medical expenses, loss of income, and death.  (Compl. ¶ 9.)

On July 6, 2007, DUHS filed a motion to dismiss on the grounds that it is not subject to personal jurisdiction in South Carolina.  In the alternative, DUHS moved to transfer the case to the Middle District of North Carolina.  The Plaintiff filed a response on July 26, 2007, and DUHS replied on August 6, 2007.

## II. DISCUSSION OF LAW

In order to assert personal jurisdiction over a defendant based on activities unrelated to this lawsuit and thus satisfy the requirements of general jurisdiction, the court must find that it has had "systematic and continuous" contacts with South Carolina.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).  In contrast, specific jurisdiction over a defendant exists when a suit arises out of a defendant's activities within the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  South Carolina asserts specific

2

jurisdiction over defendants pursuant to its long-arm statute, section 36-2-803 of the South Carolina Code of Laws. See Sheppard v. Jacksonville Marine Supply, Inc., 877 F. Supp. 260, 264 (D.S.C. 1995). The South Carolina Supreme Court has interpreted South Carolina's long-arm statute to extend to the constitutional limits imposed by the due process clause. See id. at 265.

Under the due process analysis, the plaintiff must show that the defendant had sufficient "minimum contacts" with South Carolina and that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (internal quotation marks omitted). These minimum contacts must create a "substantial connection" with the forum state, and they must be directed at the forum state in more than a random, fortuitous, or attenuated way. Burger King, 471 U.S. at 475. The requirements of due process are met if (1) the defendant engaged in activity by which he purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; (2) the defendant's conduct and connections with the forum state are such that the defendant should reasonably anticipate being haled into court in the forum state; or (3) the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. Id. at 472-75.

The Plaintiff contends that both general and specific jurisdiction exist in South Carolina over DUHS based on its contacts with South Carolina, including an affiliation with Beaufort Memorial Hospital in Beaufort, South Carolina; an affiliation with South Carolina Oncology Associates, P.A. in Columbia, South Carolina; and ownership of Duke Community Infusion

3

Services, Inc. ("DCIS"), which provides services to South Carolina residents. (Compl. ¶ 4; Pl.'s Mem. Opp'n Mot. Dismiss 10-11.) However, the Plaintiff's information regarding the extent of these contacts has been gleaned solely from various websites, which provide only general information. Thus, the Plaintiff, in its response to DUHS's motion, requests "that the Court permit him to engage in jurisdictional discovery to support their allegations." (Pl.'s Mem. Opp'n Mot. Dismiss 11.)

In support of its motion to dismiss, DUHS submits the affidavit of Robert Willis ("Willis"), who is currently employed by DUHS as "Associate Vice President, Finance and Corporate Controller." (Def.'s Mot. Dismiss Ex. A (Willis Aff. ¶ 2).) In his affidavit, Willis states that DUHS's only contacts with South Carolina are the affiliation with the Beaufort County Memorial Hospital and the "Duke Home Infusion program." (Id. Ex. A (Willis Aff. ¶ 10).) However, Willis does not provide any specifics regarding the nature or extent of these contacts. Therefore, the court finds that additional discovery is necessary on the issue of DUHS's contacts with South Carolina, and the court grants the Plaintiff's request for 45 days in which to conduct discovery on the issue of jurisdiction.

It is therefore

**ORDERED** that the Plaintiff is granted 45 days in which to conduct discovery on the issue of jurisdiction. It is further

**ORDERED** that Duke University Health System, Inc.'s motion to dismiss is dismissed with leave to refile.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
August 9, 2007